**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 31 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| FELIX CRISTOBAL SOSA, AKA Felix Cristobalsosa, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   16-71776 <br><br> Agency No. A086-950-949 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018**

Before:    SILVERMAN, GRABER, and GOULD, Circuit Judges.

Felix Cristobal Sosa, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

The record does not compel the conclusion that Cristobal Sosa established changed circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4). Thus, Cristobal Sosa's asylum claim fails.

Substantial evidence supports the agency's determination that Cristobal Sosa failed to establish that it is more likely than not he will be persecuted on account of membership in a particular social group or imputed political opinion. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"); *Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (to qualify for withholding of removal, an applicant must demonstrate a likelihood of persecution on account of a protected ground); *Molina-Estrada v. INS*, 293 F.3d 1089, 1095 (9th Cir. 2002) ("To establish imputed political opinion, an applicant must show that his persecutors actually imputed a political opinion to him.") (quotation and citation omitted). Thus, Cristobal Sosa's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief

16-71776

because Cristobal Sosa failed to show it is more likely than not he will be tortured if returned to Mexico. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime in Mexico was not particular to the petitioner and insufficient to establish eligibility for CAT relief).

**PETITION FOR REVIEW DENIED.**